LSK&D #: 023-8018 / 1028973
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DOLORES MALASITS,

|  |  |
|---|---|
| Plaintiff, | **CV 08—5232 (RMB)** |
|  | **ECF Case** |
| -against- | **Judge** |
| CIRQUE DU SOLEIL VEGAS, INC., CIRQUE | **NOTICE OF REMOVAL** |
| DU SOLEIL, INC., CIRQUE DU SOLEIL | **(28 U.S.C. § 1446)** |
| AMERICA, INC, ZUMANITY and CIRQUE DU |  |
| SOLEIL (US), INC., |  |

Defendants.
-------------------------------------------------------------------x

**TO:    THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

1.    CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU SOLEIL, INC., CIRQUE

DU SOLEIL AMERICA, INC., CIRQUE DU SOLEIL ZUMANITY, LLC s/h/a ZUMANITY

and CIRQUE DU SOLEIL (US), INC., are the defendants in this civil action, filed on April

10, 2008 and May 27, 2008, respectively, in the Supreme Court of the State of New

York, Bronx County.  Pursuant to provisions of Section 1441 and 1446 of Title 28 of the

United States Code, CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU SOLEIL, INC.,

CIRQUE DU SOLEIL AMERICA, INC., CIRQUE DU SOLEIL ZUMANITY, LLC s/h/a

ZUMANITY and CIRQUE DU SOLEIL (US), INC. remove this action to the United

States District Court for the Southern District of New York, which is the judicial district in

which the action is pending.

2.    This action alleges one cause of action against defendants CIRQUE DU

SOLEIL VEGAS, INC., CIRQUE DU SOLEIL, INC., CIRQUE DU SOLEIL AMERICA,

INC., CIRQUE DU SOLEIL ZUMANITY, LLC s/h/a ZUMANITY and CIRQUE DU

SOLEIL (US), INC.: negligence in the operation of the theatrical production known as "Zumanity TM" at the New York – New York Hotel & Casino, Las Vegas, Nevada (Exhibit "A").

3.    Plaintiff was, at the time of the commencement of the action, a citizen and resident of the State New York. Defendant CIRQUE DU SOLEIL VEGAS, INC. is incorporated in the State of Delaware. Defendant CIRQUE DU SOLEIL, INC. is incorporated in Quebec and maintains it principal place of business in Quebec. Defendants CIRQUE DU SOLEIL AMERICA, INC., CIRQUE DU SOLEIL ZUMANITY, LLC s/h/a ZUMANITY and CIRQUE DU SOLEIL (US), INC. are incorporated in the State of Delaware and maintain their principal place of business in Las Vegas, Nevada. There is, therefore, complete diversity of citizenship between plaintiff and defendants CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU SOLEIL, INC., CIRQUE DU SOLEIL AMERICA, INC., CIRQUE DU SOLEIL ZUMANITY, LLC s/h/a ZUMANITY and CIRQUE DU SOLEIL (US), INC.

4.    Although plaintiff's complaint does not specify the amount in controversy, plaintiff's action is for a serious injury – torn meniscus surgery – which claim is sufficient evidence for the court to conclude that there is a reasonable probability that the amount in controversy exceeds $75,000.

5.    Removal of this action to the United States District Court is proper under 28 U.S.C. § 1441(a), (b) because there is complete diversity of citizenship between the plaintiff and the only true defendants, CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU SOLEIL, INC., CIRQUE DU SOLEIL AMERICA, INC., CIRQUE DU SOLEIL ZUMANITY, LLC s/h/a ZUMANITY and CIRQUE DU SOLEIL (US), INC.. The United

States District Court would, therefore, have had original jurisdiction of this matter under 28 U.S.C. § 1332 had the action been brought in federal court originally.

6.     This Notice of Removal is timely because it was filed in this Court within 30 days after the receipt by CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU SOLEIL, INC., CIRQUE DU SOLEIL AMERICA, INC., CIRQUE DU SOLEIL ZUMANITY, LLC s/h/a ZUMANITY and CIRQUE DU SOLEIL (US), INC. of a copy of plaintiff's original complaint in the action and within year of the commencement of the action.

7.     CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU SOLEIL, INC., CIRQUE DU SOLEIL AMERICA, INC., CIRQUE DU SOLEIL ZUMANITY, LLC s/h/a ZUMANITY and CIRQUE DU SOLEIL (US), INC. file a copy of all process, pleadings and orders served on them in the action with this notice.  These documents are attached to this notice as Exhibit "A". and "B" respectively.

Dated:     New York, New York
           June 6, 2008

_____
Darrell Whiteley (DW 8082)

TO:

RUSSO, KEANE & TONER, LLP
26 Broadway, 28th Floor
New York, New York 10004
(212) 482-0001
Attorneys for Plaintiff

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X

DOLORES MALASITS,

                                        Plaintiff,

                                                                **SUMMONS**
                                                                Index No. 302910/08
                                                                Date Filed:
                                                                Plaintiff designates
          -against-                                             County of **BRONX** as the
                                                                place of trial
                                                                **Basis of Venue:**
                                                                Plaintiff Resides at:
                                                                3049 Waterbury Ave.
                                                                Bronx, New York 10461

CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU
SOLEIL, INC., CIRQUE DU SOLEIL AMERICA, INC,
and ZUMANITY,

                                        Defendants.
----------------------------------------------------------------X

**To the above named Defendants:**

          **You are hereby summoned** to answer the complaint in this action, and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorney(s) within twenty (20) days after the service of this summons, exclusive of
the day of service, where service is made by delivery upon you personally within the state, or, within
thirty (30) days after completion of service where service is made in any other manner.  In case of
your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated: March 17, 2008

                                        Francesca A. Sabbatino
                                        **Of Counsel**
                                        **Russo, Keane & Toner, LLP**
                                        **Attorney's for Plaintiff**
                                        26 Broadway, 28th Floor
Notice: The object of this action is to     New York, New York 10004
recover for personal injury                 (212) 482-0001
due to defendants negligence

The relief sought is Monetary Damages

                                        BRONX COUNTY
                                        COUNTY CLERK

                                        08 JUN 10 AM 9:08

Upon your failure to answer, judgment will be taken against you by default in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court with interest from June 9, 2006 and the costs of this action

## DEFENDANT(S) ADDRESS(ES)

Cirque Du Soleil Vegas, Inc.
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

Cirque Du Soleil, Inc.
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

Cirque Du Soleil America, Inc.
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

Zumanity
Cirque Du Soleil Vegas, Inc.
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
DOLORES MALASITS,

                         Plaintiff,

                                             **VERIFIED**
                                             **COMPLAINT**
                                             Index No.
                                             Date Filed:

                      -against-
CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU
SOLEIL, INC., CIRQUE DU SOLEIL AMERICA, INC,
and ZUMANITY,

                                    Defendants.
---------------------------------------------------------------X

        Plaintiff, DOLORES MALASITS, by her attorney, Francesca A. Sabbatino, of counsel to

RUSSO, KEANE & TONER, LLP, for a Verified Complaint alleges as follows:

        1.     The Plaintiff, DOLORES MALASITS, is and was at all times hereinafter mentioned

a resident of the State of New York, residing at 3049 Waterbury Ave., Bronx, New York 10461.

        2.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE

DU SOLEIL VEGAS, INC., was and still is a domestic corporation duly organized and existing

under by virtue of the laws of the State of New York and authorized to transact business within the

State of New York.

        3.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE

DU SOLEIL VEGAS, INC., was and still is a partnership duly organized and existing under by virtue

of the laws of the State of New York and authorized to transact business within the State of New

York.

        4.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE

DU SOLEIL VEGAS, INC., was and still is a limited liability partnership duly organized and

existing under by virtue of the laws of the State of New York and authorized to transact business

within the State of New York.

5.      That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL VEGAS, INC., was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

6.      That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL VEGAS, INC., was and still is a foreign business corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

7.      That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is a domestic corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

8.      That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is a partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

9.      That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is a limited liability partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

10.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

11.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is a foreign business corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

12.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA, INC., was and still is a domestic corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

13.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA, INC., was and still is a partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

14.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA, INC., was and still is a limited liability partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

15.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA INC., was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

16.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA  INC., was and still is a foreign business corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business

within the State of New York.

17.    That on June 9, 2006, and at all times hereinafter mentioned, the Defendant ZUMANITY, was and still is a domestic corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

18.    That on June 9, 2006, and at all times hereinafter mentioned, the Defendant ZUMANITY, was and still is a partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

19.    That on June 9, 2006, and at all times hereinafter mentioned, the Defendant ZUMANITY, was and still is a limited liability partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

20.    That on June 9, 2006, and at all times hereinafter mentioned, the Defendant ZUMANITY, was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

21.    That on June 9, 2006, and at all times hereinafter mentioned, the Defendant ZUMANITY, was and still is a foreign business corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

22.    That prior to, on or about June 9, 2006 the defendants are subject to the jurisdiction of this Court pursuant to New York CPLR § 302.

23.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., owned a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

24.     That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., operated a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

25.     That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., controlled a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

26.     That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., produced a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

27.     That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., owned a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

28.     That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., operated a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

29.     That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., controlled a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

30.     That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., produced a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

31.     That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., owned a theatrical production known as "ZUMANITY ™" at the New York- New

York Hotel & Casino Las Vegas Nevada.

32. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., operated a theatrical production known as "ZUMANITY ™" at the New York-New York Hotel & Casino Las Vegas Nevada.

33. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., controlled a theatrical production known as "ZUMANITY ™" at the New York-New York Hotel & Casino Las Vegas Nevada.

34. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., produced a theatrical production known as "ZUMANITY ™" at the New York-New York Hotel & Casino Las Vegas Nevada.

35. That at all times hereinafter mentioned, the defendant, ZUMANITY, owned a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

36. That at all times hereinafter mentioned, the defendant, ZUMANITY, operated a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

37. That at all times hereinafter mentioned, the defendant, ZUMANITY, controlled a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

38. That at all times hereinafter mentioned, the defendant, ZUMANITY, produced a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

39.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., employed, managed, supervised and controlled the performers, stage hands, and other members, of a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

40.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., employed, managed, supervised and controlled the performers, stage hands, and other members, of a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

41.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., employed, managed, supervised and controlled the performers, stage hands, and other members, of a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

42.    That at all times hereinafter mentioned, the defendant, ZUMANITY, employed, managed, supervised and controlled the performers, stage hands, and other members, of a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

43.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., created, designed, constructed and maintained the stage, including sets and props used in the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

44.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., created, designed, constructed and maintained the stage, including sets and props used in the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las

Vegas Nevada.

45.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC, created, designed, constructed and maintained the stage, including sets and props used in the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

46.    That at all times hereinafter mentioned, the defendant, ZUMANITY, created, designed, constructed and maintained the stage, including sets and props used in the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

47.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., undertook and obligated itself to the public in maintaining, operating, performing and producing the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada, with a due and proper regard for the safety of persons attending the performance.

48.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., undertook and obligated itself to the public in maintaining, operating, performing and producing the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada, with a due and proper regard for the safety of persons attending the performance.

49.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., undertook and obligated itself to the public in maintaining, operating, performing and producing the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada, with a due and proper regard for the safety of persons attending the performance.

50.    That at all times hereinafter mentioned, the defendant, ZUMANITY, undertook and obligated itself to the public in maintaining, operating, performing and producing the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada, with a due and proper regard for the safety of persons attending the performance.

51.    That the plaintiff DOLORES MALASITS purchased a ticket in New York to attend the June 9th, 2006, 7:30PM performance of the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

52.    That at all times hereinafter mentioned, the defendants, their agents servants or employees were negligent in operation the performance of the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada in creating, permitting or allowing an unsafe condition to exist on the stage of the production; in failing to correct the unsafe condition after having due notice thereof; in failing to maintain the stage area in a reasonably safe condition; in failing to provide adequate safety measures for non professional audience members, including the plaintiff, who are asked to participate in the production; in failing to warn non professional audience members, including the plaintiff, of dangerous conditions existing; in failing to exercise reasonable care in the maintenance and operation of the production.

53.    That at all times hereinafter mentioned, the defendants, their agents servants or employees were negligent in operation the performance of the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada in permitting its employees and performers to act in a careless and negligent manner and to negligently injure members of the audience, including the plaintiff; in failing to take due care while inducing and including non professional audience members, such as the plaintiff, to take part in the performance; in failing to train, supervise and control its performers in connection with the selection and inclusion

of non professional audience members, including the plaintiff, as part of the production; in failing to take adequate steps for the safety of non professional audience members, including the plaintiff; in placing the plaintiff in a position of danger; in failing to inform the plaintiff of the risks associated with inclusion in the performance: in failing to safeguard the plaintiff from that risk; and in otherwise being negligent and careless.

54.   That the occurrence of said accident and the resulting injury to the above named plaintiff, was caused solely by the negligence of the defendants, its officers, officials, agents, servants, or employees and through no fault or negligence on the part of the plaintiff.

55.   That by reason of the premises, plaintiff DOLORES MALASITS was severely and seriously injured; suffered and will continue to suffer pain and injury; has become sick, sore, lame, and disabled and, on information and belief, will be permanently injured; that he has been compelled to spend sums of money and incur liability for medical care and treatment and, upon information and belief, will be required to spend and incur liability therefore in the future; has lost and will lose in the future sums of money which he otherwise would have earned.

56.   This action falls within one or more of the exceptions set forth in CPLR 1602.

57.   That by reason of the foregoing, the plaintiff has suffered damages in an amount to be determined upon the trial of this action.

58.   That the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiffs, DOLORES MALSITS, demands judgement against defendants in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated: New York, New York
March 17, 2008

Yours, etc.,

FRANCESCA A. SABBATINO
Of Counsel
RUSSO, KEANE & TONER, LLP
Attorneys for Plaintiff
26 Broadway, 28th Floor
New York, New York 10004
(212) 482-0001
Our File No.:

## INDIVIDUAL VERIFICATION

DOLORES MALASITS, being duly sworn deposes and says:

    I am the plaintiff in the act on herein.  I have read the annexed Summons and Verified Complaint and know the contents thereof and that same are true to the best of my own knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_Dolores Malasits_
DOLORES MALASITS

STATE OF NEW YORK    )
                      ss.:

COUNTY OF BRONX    )

    On the _19_ day of _MARCH_, 2008 before me personally came DOLORES MALASITS, to me known and known to me to be the individual described herein and who executed the foregoing instrument, and who duly acknowledged to me that he executed same.

_____
Notary Public

JAMES E. McQUADE
Notary Public, State of New York
Qualified in Bronx County
Reg. No. 01MC2508439
My Comm. Expires 2-24-2010

## INDIVIDUAL VERIFICATION

DOLORES MALASITS, being duly sworn deposes and says:

I am the plaintiff in the action herein. I have read the annexed Summons and Verified Complaint and know the contents thereof and that same are true to the best of my own knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_Dolores Malasits_
DOLORES MALASITS

STATE OF NEW YORK    )
                     ss.:
COUNTY OF BRONX      )

On the ___19___ day of ___MARCH___, 2008 before me personally came DOLORES MALASITS, to me known and known to me to be the individual described herein and who executed the foregoing instrument, and who duly acknowledged to me that he executed same.

_____
Notary Public

JAMES E. McQUADE
Notary Public, State of New York
Qualified in Bronx County
Reg. No. 01MC6089435
My Comm. Expires 2-28-2010

INDEX NO: 302910/08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

====================================================

DOLORES MALASITS,

Plaintiff,

-against-

CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU
SOLEIL, INC., CIRQUE DU SOLEIL AMERICA, INC,
and ZUMANITY,

Defendants.

====================================================

**SUMMONS AND VERIFIED COMPLANT**

====================================================

**Francesca A. Sabbatino**
**Of Counsel**
**RUSSO, KEANE & TONER, LLP**
Attorneys for Plaintiff
26 Broadway - 28th Floor
New York, New York 10004
(212) 482-0001

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------X

DOLORES MALASITS,

                          Plaintiff,

                                                    **SUPPLEMENTAL**
                                                    **SUMMONS**
                                                    Index No. 302910/08
                                                    Date Filed:
                                                    Plaintiff designates
                     -against-                      County of **BRONX** as the
                                                    place of trial
                                                    **Basis of Venue:**
                                                    Plaintiff Resides at:
                                                    3049 Waterbury Ave.
                                                    Bronx, New York 10461

CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU
SOLEIL, INC., CIRQUE DU SOLEIL AMERICA, INC,
ZUMANITY and CIRQUE DU SOLEIL (US), INC.
                                    Defendants.
--------------------------------------------------------X

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorney(s) within twenty (20) days after the service of this summons, exclusive of
the day of service, where service is made by delivery upon you personally within the state, or, within
thirty (30) days after completion of service where service is made in any other manner. In case of
your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated: May 23, 2008

                                        Francesca A. Sabbatino
                                        **Of Counsel**
                                        **Russo, Keane & Toner, LLP**
                                        **Attorney's for Plaintiff**
Notice: The object of this action is to    **26 Broadway, 28th Floor**
recover for personal injury                **New York, New York 10004**
due to defendants negligence               **(212) 482-0001**

**The relief sought is Monetary Damages**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X
DOLORES MALASITS,

                      Plaintiff,

            -against-

CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU
SOLEIL, INC., CIRQUE DU SOLEIL AMERICA, INC,
ZUMANITY and CIRQUE DU SOLEIL (US), INC.

                      Defendants.
--------------------------------------------------------------------X

**AMENDED
VERIFIED
COMPLAINT**
Index No. 302910/08
Date Filed:

      Plaintiff, DOLORES MALASITS, by her attorney, Francesca A. Sabbatino, of counsel to

RUSSO, KEANE & TONER, LLP, for a Verified Complaint alleges as follows:

      1.    The Plaintiff, DOLORES MALASITS, is and was at all times hereinafter mentioned

a resident of the State of New York, residing at 3049 Waterbury Ave., Bronx, New York 10461.

      2.    That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE

DU SOLEIL VEGAS, INC., was and still is a domestic corporation duly organized and existing

under by virtue of the laws of the State of New York and authorized to transact business within the

State of New York.

      3.    That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE

DU SOLEIL VEGAS, INC., was and still is a partnership duly organized and existing under by virtue

of the laws of the State of New York and authorized to transact business within the State of New

York.

      4.    That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE

DU SOLEIL VEGAS, INC., was and still is a limited liability partnership duly organized and

existing under by virtue of the laws of the State of New York and authorized to transact business

within the State of New York.

5.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL VEGAS, INC., was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

6.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL VEGAS, INC., was and still is a foreign business corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

7.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is a domestic corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

8.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is a partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

9.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is a limited liability partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

10.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

11. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is a foreign business corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

12. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA, INC., was and still is a domestic corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

13. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA, INC., was and still is a partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

14. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA, INC., was and still is a limited liability partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

15. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA INC., was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

16. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA INC., was and still is a foreign business corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

17. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant ZUMANITY, was and still is a domestic corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

18. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant ZUMANITY, was and still is a partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

19. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant ZUMANITY, was and still is a limited liability partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

20. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant ZUMANITY, was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

21. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant ZUMANITY, was and still is a foreign business corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

22. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL (US), INC., was and still is a domestic corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

23.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE

DU SOLEIL (US), INC., was and still is a partnership duly organized and existing under by virtue

of the laws of the State of New York and authorized to transact business within the State of New

York.

24.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE

DU SOLEIL (US), INC., was and still is a limited liability partnership duly organized and existing

under by virtue of the laws of the State of New York and authorized to transact business within the

State of New York.

25.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE

DU SOLEIL (US), INC., was and still is an unincorporated association duly organized and existing

under by virtue of the laws of the State of New York.

26.     That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE

DU SOLEIL (US), INC., was and still is a foreign business corporation duly organized and existing

under by virtue of the laws of the State of New York and authorized to transact business within the

State of New York.

27.     That prior to, on or about June 9, 2006 the defendants are subject to the jurisdiction

of this Court pursuant to New York CPLR §§ 301 and 302.

28.     That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS

INC., owned a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel

& Casino Las Vegas Nevada.

29.     That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS

INC., operated a theatrical production known as "ZUMANITY ™" at the New York- New York

Hotel & Casino Las Vegas Nevada.

30. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., controlled a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

31. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., produced a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

32. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., owned a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

33. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., operated a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

34. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., controlled a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

35. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., produced a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

36. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., owned a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

37. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., operated a theatrical production known as "ZUMANITY ™" at the New York-New York Hotel & Casino Las Vegas Nevada.

38. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., controlled a theatrical production known as "ZUMANITY ™" at the New York-New York Hotel & Casino Las Vegas Nevada.

39. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., produced a theatrical production known as "ZUMANITY ™" at the New York-New York Hotel & Casino Las Vegas Nevada.

40. That at all times hereinafter mentioned, the defendant, ZUMANITY, owned a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

41. That at all times hereinafter mentioned, the defendant, ZUMANITY, operated a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

42. That at all times hereinafter mentioned, the defendant, ZUMANITY, controlled a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

43. That at all times hereinafter mentioned, the defendant, ZUMANITY, produced a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

44. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., employed, managed, supervised and controlled the performers, stage hands, and other

members, of a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

45.   That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., employed, managed, supervised and controlled the performers, stage hands, and other members, of a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

46.   That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., employed, managed, supervised and controlled the performers, stage hands, and other members, of a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

47.   That at all times hereinafter mentioned, the defendant, ZUMANITY, employed, managed, supervised and controlled the performers, stage hands, and other members, of a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

48.   That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., created, designed, constructed and maintained the stage, including sets and props used in the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

49.   That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., created, designed, constructed and maintained the stage, including sets and props used in the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

50.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC, created, designed, constructed and maintained the stage, including sets and props used in the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

51.    That at all times hereinafter mentioned, the defendant, ZUMANITY, created, designed, constructed and maintained the stage, including sets and props used in the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

52.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL (US), INC., owned a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

53.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL (US), INC., operated a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

54.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL (US), INC., controlled a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

55.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL (US), INC., produced a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

56.    That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., undertook and obligated itself to the public in maintaining, operating, performing and producing the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel

& Casino Las Vegas Nevada, with a due and proper regard for the safety of persons attending the performance.

57. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., undertook and obligated itself to the public in maintaining, operating, performing and producing the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada, with a due and proper regard for the safety of persons attending the performance.

58. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., undertook and obligated itself to the public in maintaining, operating, performing and producing the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada, with a due and proper regard for the safety of persons attending the performance.

59. That at all times hereinafter mentioned, the defendant, ZUMANITY, undertook and obligated itself to the public in maintaining, operating, performing and producing the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada, with a due and proper regard for the safety of persons attending the performance.

60. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL (US), INC., undertook and obligated itself to the public in maintaining, operating, performing and producing the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada, with a due and proper regard for the safety of persons attending the performance.

61. That the plaintiff DOLORES MALASITS purchased a ticket in New York to attend the June 9th, 2006, 7:30PM performance of the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

62.  That at all times hereinafter mentioned, the defendants, their agents servants or employees were negligent in operation the performance of the theatrical production known as "ZUMANITY ™" at the New York · New York Hotel & Casino Las Vegas Nevada in creating, permitting or allowing an unsafe condition to exist on the stage of the production; in failing to correct the unsafe condition after having due notice thereof; in failing to maintain the stage area in a reasonably safe condition; in failing to provide adequate safety measures for non professional audience members, including the plaintiff, who are asked to participate in the production; in failing to warn non professional audience members, including the plaintiff, of dangerous conditions existing; in failing to exercise reasonable care in the maintenance and operation of the production.

63.  That at all times hereinafter mentioned, the defendants, their agents servants or employees were negligent in operation the performance of the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada in permitting its employees and performers to act in a careless and negligent manner and to negligently injure members of the audience, including the plaintiff; in failing to take due care while inducing and including non professional audience members, such as the plaintiff, to take part in the performance; in failing to train, supervise and control its performers in connection with the selection and inclusion of non professional audience members, including the plaintiff, as part of the production; in failing to take adequate steps for the safety of non professional audience members, including the plaintiff; in placing the plaintiff in a position of danger; in failing to inform the plaintiff of the risks associated with inclusion in the performance; in failing to safeguard the plaintiff from that risk; and in otherwise being negligent and careless.

64.  That the occurrence of said accident and the resulting injury to the above named plaintiff, was caused solely by the negligence of the defendants, its officers, officials, agents,

servants, or employees and through no fault or negligence on the part of the plaintiff.

65.    That by reason of the premises, plaintiff DOLORES MALASITS was severely and seriously injured; suffered and will continue to suffer pain and injury; has become sick, sore, lame, and disabled and, on information and belief, will be permanently injured; that he has been compelled to spend sums of money and incur liability for medical care and treatment and, upon information and belief, will be required to spend and incur liability therefore in the future; has lost and will lose in the future sums of money which he otherwise would have earned.

66.    This action falls within one or more of the exceptions set forth in CPLR 1602.

67.    That by reason of the foregoing, the plaintiff has suffered damages in an amount to be determined upon the trial of this action.

68.    That the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiffs, DOLORES MALSITS, demands judgement against defendants in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated: New York, New York
        May 23, 2008

                                    Yours, etc.,


                                    FRANCESCA A. SABBATINO
                                    Of Counsel
                                    RUSSO, KEANE & TONER, LLP
                                    Attorneys for Plaintiff
                                    26 Broadway, 28th Floor
                                    New York, New York 10004
                                    (212) 482-0001
                                    Our File No.:

## ATTORNEY VERIFICATION

Francesca A. Sabbatino, an attorney duly admitted to the practice of law before the Courts

of the State of New York, hereby affirms the following under the penalties of perjury:

I am of counsel to the law firm of **RUSSO, KEANE & TONER, LLP,** and am the

attorney the plaintiff, **DOLORES MALASITS** I have read the foregoing **AMENDED**

**COMPLAINT** and know the contents thereof and that same are true to the best of my own

knowledge.

Affirmant further states that the source of her information and the grounds of her belief,

as to all matters therein not stated upon her knowledge, are a review of the file maintained in this

matter and communications with the client.

Affirmant further states that the reason why this verification is made by your affirmant

and not by said plaintiff is that said plaintiff does not reside within the County of New York, the

county wherein your affirmant has her office.

Dated: New York, New York
      May 23, 2008

 

 

                                    _____
                                       Francesca A. Sabbatino