023-8018/1031251v2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DOLORES MALASITS,

                                  Plaintiff,

       -against-

CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU
SOLEIL, INC., CIRQUE DU SOLEIL AMERICA,
INC., ZUMANITY and CIRQUE DU SOLEIL (US),
INC.,

                                 Defendants.
------------------------------------------------------------------X

08 CIV 5232 (RMB)(AJP)
ECF Case

ANSWER TO AMENDED
VERIFIED COMPLAINT

Defendants demand a jury trial.

       Defendants Cirque du Soleil Vegas, Inc., Cirque du Soleil, Inc., Cirque du Soleil America, Inc., Cirque du Soleil Zumanity, L.L.C., sued herein as Zumanity, and Cirque du Soleil (US), Inc., by their attorneys Lester Schwab Katz & Dwyer, LLP, answer plaintiff's amended verified complaint dated May 23, 2008 (the "complaint") as follows:

       1.     Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 1 of the complaint.

       2.     Defendants deny paragraphs 2 through 5 of the complaint.

       3.     Defendants deny paragraph 6 of the complaint and admit that Cirque du Soleil Vegas, Inc. is a foreign business corporation registered with the New York Department of State.

       4.     Defendants deny paragraphs 7 through 10 of the complaint.

5. Defendants deny paragraph 11 of the complaint and admit that Cirque du Soleil Inc. is a foreign business corporation registered with the New York Department of State.

6. Defendants deny paragraphs 12 through 15 of the complaint.

7. Defendants deny paragraph 16 of the complaint and admit that Cirque du Soleil America Inc. is a foreign business corporation registered with the New York Department of State.

8. Defendants deny paragraphs 17 through 25 of the complaint.

9. Defendants deny paragraph 26 of the complaint and admit that Cirque du Soleil (US), Inc. is a foreign business corporation.

10. Defendants deny paragraph 27 of the complaint.

11. Defendants deny paragraph 28 through 39 of the complaint.

12. Defendants deny paragraphs 40 through 43 of the complaint and admit that Cirque du Soleil, Zumanity, L.L.C. employed theatrical performers in a production known as Zumanity™ at the New York New York Hotel & Casino, Las Vegas, Nevada.

13. Defendants deny paragraphs 44 through 46 of the complaint.

14. Defendants deny paragraph 47 of the complaint and admit that Cirque du Soleil, Zumanity, L.L.C., employed theatrical performers in a production known as Zumanity™ at the New York New York Hotel & Casino, Las Vegas, Nevada.

15. Defendants deny paragraph 48 of the complaint.

16. Defendants deny paragraph 49 of the complaint and admit that Cirque Du Soleil Inc., constructed the stage used in the theatrical production known as Zumanity™ at the New York New York Hotel & Casino, Las Vegas, Nevada.

17. Defendants deny paragraph 50 of the complaint.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 51 of the complaint.

19. Defendants deny paragraphs 52 through 60 of the complaint.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 61 of the complaint.

21. Defendants deny paragraphs 62 through 68 of the complaint.

First Affirmative Defense

22. Under the laws of the State of Nevada, which control to this action, defendants are not liable for the injuries alleged in the complaint.

Second Affirmative Defense

23. The liability of these defendants, if any, to the plaintiff(s) for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff(s) could have obtained personal jurisdiction with due diligence.

### Third Affirmative Defense

24.     That by entering into the activity in which plaintiff was engaged at the time of the occurrence set forth in the complaint, plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by plaintiff and such risks were assumed and accepted by her in performing and engaging in said activities.

### Fourth Affirmative Defense

25.     If plaintiff recovers a verdict or judgment against these defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff(s), in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

### Fifth Affirmative Defense

26.     The injuries or damages alleged in the complaint were caused in whole or in part by plaintiff's contributory negligence or culpable conduct and not by any contributory negligence or culpable conduct of the defendants.

### Sixth Affirmative Defense

27. If plaintiff sustained injuries as alleged, said injuries were caused by the negligence of persons over whom defendants were not obligated to exercise supervision or control.

### Seventh Affirmative Defense

28. Plaintiff has failed to join necessary and indispensable parties in some or all of the causes of action who would be responsible for the damages alleged in the complaint.

### Eighth Affirmative Defense

29. The action should be dismissed because this is an inconvenient forum.

### Ninth Affirmative Defense

30. Plaintiff lacks personal jurisdiction over defendants.

### Tenth Affirmative Defense

31. Defendants' liability, if any, is limited to the percentage of culpability found against them by virtue of the fault of the other persons named and unnamed.

WHEREFORE, defendants demand judgment dismissing the complaint, together with the costs and disbursements of this action.

| | |
|---|---|
| Dated:  New York, New York<br>June 9, 2008 | LESTER SCHWAB KATZ & DWYER, LLP<br>120 Broadway<br>New York, New York  10271<br>212  964-6611<br>Attorneys for Defendants<br>CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU SOLEIL, INC., CIRQUE DU SOLEIL AMERICA, INC., CIRQUE DU SOLEIL ZUMANITY, L.L.C. and CIRQUE DU SOLEIL (US), INC., |

/S/
_____
Bridget E. Cacace-Coyne

To:

Francesca A. Sabbatino, Esq.,
RUSSO, KEANE & TONER, LLP
26 Broadway, 28th Floor
New York, New York 10004
212 482-0001
Attorneys for Plaintiff

Declaration Of Service

I served the attached answer to the amended verified complaint by first class mail on the following persons on June 9, 2008:

>Francesca A. Sabbatino, Esq.,
>RUSSO, KEANE & TONER, LLP
>26 Broadway, 28th Floor
>New York, New York 10004
>212 482-0001
>Attorneys for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed at New York, New York on June 9, 2008.


/S/
_____
Winsome Murdock