UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DOLORES MALASITS,

                       Plaintiff,

                -against-

CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU
SOLEIL, INC., CIRQUE DU SOLEIL AMERICA, INC,
CIRQUE DU SOLEIL ZUMMANITY, LLC and CIRQUE DU
SOLEIL (US), INC.

                      Defendants.
------------------------------------------------------------------X

**JURY TRIAL DEMANDED**
08 CIV 5232 (RMB/AJP)
**AMENDED COMPLAINT**
ECF CASE



    Plaintiff, DOLORES MALASITS, by her attorney, Francesca A. Sabbatino, of counsel to RUSSO, KEANE & TONER, LLP, for an Amended Complaint alleges as follows:

    1.    The Plaintiff, DOLORES MALASITS, is and was at all times hereinafter mentioned a resident of the State of New York, residing at 3049 Waterbury Ave., Bronx, New York 10461.

    2.    That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL VEGAS, INC., was and still is a domestic corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

    3.    That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL VEGAS, INC., was and still is a partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

4. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL VEGAS, INC., was and still is a limited liability partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

5. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL VEGAS, INC., was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

6. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL VEGAS, INC., was and still is a foreign business corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

7. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is a domestic corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

8. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is a partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

9. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is a limited liability partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

10. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

11. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL INC., was and still is a foreign business corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

12. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA, INC., was and still is a domestic corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

13. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA, INC., was and still is a partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

14. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA, INC., was and still is a limited liability partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

15. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA INC., was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

16. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL AMERICA INC., was and still is a foreign business corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

17. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL ZUMMANITY, LLC, was and still is a domestic corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

18. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL ZUMMANITY, LLC, was and still is a partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

19. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL ZUMMANITY, LLC, was and still is a limited liability partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

20. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL ZUMMANITY, LLC, was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

21. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL ZUMMANITY, LLC, was and still is a foreign business corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

22. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL (US), INC., was and still is a domestic corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

23. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL (US), INC., was and still is a partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

24. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL (US), INC., was and still is a limited liability partnership duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

25. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL (US), INC., was and still is an unincorporated association duly organized and existing under by virtue of the laws of the State of New York.

26. That on June 9, 2006, and at all times hereinafter mentioned, the Defendant CIRQUE DU SOLEIL (US), INC., was and still is a foreign business corporation duly organized and existing under by virtue of the laws of the State of New York and authorized to transact business within the State of New York.

27. That prior to, on or about June 9, 2006 the defendants are subject to the jurisdiction of this Court pursuant to New York CPLR §§ 301 and 302.

28. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., owned a theatrical production known as "ZUMANITY ™" at the New York-

New York Hotel & Casino Las Vegas Nevada.

29. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., operated a theatrical production known as "ZUMANITY ™" at the New York-New York Hotel & Casino Las Vegas Nevada.

30. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., controlled a theatrical production known as "ZUMANITY ™" at the New York-New York Hotel & Casino Las Vegas Nevada.

31. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., produced a theatrical production known as "ZUMANITY ™" at the New York-New York Hotel & Casino Las Vegas Nevada.

32. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., owned a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

33. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., operated a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

34. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., controlled a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

35. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., produced a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

36. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., owned a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

37. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., operated a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

38. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., controlled a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

39. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., produced a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

40. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL ZUMMANITY, LLC, owned a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

41. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL ZUMMANITY, LLC, operated a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

42. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL ZUMMANITY, LLC, controlled a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

43. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL ZUMMANITY, LLC, produced a theatrical production known as "ZUMANITY ™" at the New

York- New York Hotel & Casino Las Vegas Nevada.

44. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., employed, managed, supervised and controlled the performers, stage hands, and other members, of a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

45. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., employed, managed, supervised and controlled the performers, stage hands, and other members, of a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

46. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., employed, managed, supervised and controlled the performers, stage hands, and other members, of a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

47. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL ZUMMANITY, LLC, employed, managed, supervised and controlled the performers, stage hands, and other members, of a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

48. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., created, designed, constructed and maintained the stage, including sets and props used in the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

49. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., created, designed, constructed and maintained the stage, including sets and props used in

the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

50. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC, created, designed, constructed and maintained the stage, including sets and props used in the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

51. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL ZUMMANITY, LLC, created, designed, constructed and maintained the stage, including sets and props used in the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

52. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL (US), INC., owned a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

53. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL (US), INC., operated a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

54. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL (US), INC., controlled a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

55. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL (US), INC., produced a theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

56. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL VEGAS INC., undertook and obligated itself to the public in maintaining, operating, performing and producing the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada, with a due and proper regard for the safety of persons attending the performance.

57. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL INC., undertook and obligated itself to the public in maintaining, operating, performing and producing the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada, with a due and proper regard for the safety of persons attending the performance.

58. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL AMERICA INC., undertook and obligated itself to the public in maintaining, operating, performing and producing the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada, with a due and proper regard for the safety of persons attending the performance.

59. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL ZUMMANITY, LLC, undertook and obligated itself to the public in maintaining, operating, performing and producing the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada, with a due and proper regard for the safety of persons attending the performance.

60. That at all times hereinafter mentioned, the defendant, CIRQUE DU SOLEIL (US), INC., undertook and obligated itself to the public in maintaining, operating, performing and producing the theatrical production known as "ZUMANITY ™" at the New York- New

York Hotel & Casino Las Vegas Nevada, with a due and proper regard for the safety of persons attending the performance.

61.     That the plaintiff DOLORES MALASITS purchased a ticket in New York to attend the June 9th, 2006, 7:30PM performance of the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada.

62.     That at all times hereinafter mentioned, the defendants, their agents servants or employees were negligent in operation the performance of the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada in creating, permitting or allowing an unsafe condition to exist on the stage of the production; in failing to correct the unsafe condition after having due notice thereof; in failing to maintain the stage area in a reasonably safe condition; in failing to provide adequate safety measures for non professional audience members, including the plaintiff, who are asked to participate in the production; in failing to warn non professional audience members, including the plaintiff, of dangerous conditions existing; in failing to exercise reasonable care in the maintenance and operation of the production.

63.     That at all times hereinafter mentioned, the defendants, their agents servants or employees were negligent in operation the performance of the theatrical production known as "ZUMANITY ™" at the New York- New York Hotel & Casino Las Vegas Nevada in permitting its employees and performers to act in a careless and negligent manner and to negligently injure members of the audience, including the plaintiff; in failing to take due care while inducing and including non professional audience members, such as the plaintiff, to take part in the performance; in failing to train, supervise and control its performers in connection with the selection and inclusion of non professional audience members, including the plaintiff, as part of

the production; in failing to take adequate steps for the safety of non professional audience members, including the plaintiff; in placing the plaintiff in a position of danger; in failing to inform the plaintiff of the risks associated with inclusion in the performance; in failing to safeguard the plaintiff from that risk; and in otherwise being negligent and careless.

64. That the occurrence of said accident and the resulting injury to the above named plaintiff, was caused solely by the negligence of the defendants, its officers, officials, agents, servants, or employees and through no fault or negligence on the part of the plaintiff.

65. That by reason of the premises, plaintiff DOLORES MALASITS was severely and seriously injured; suffered and will continue to suffer pain and injury; has become sick, sore, lame, and disabled and, on information and belief, will be permanently injured; that he has been compelled to spend sums of money and incur liability for medical care and treatment and, upon information and belief, will be required to spend and incur liability therefore in the future; has lost and will lose in the future sums of money which he otherwise would have earned.

66. This action falls within one or more of the exceptions set forth in CPLR 1602.

67. That by reason of the foregoing, the plaintiff has suffered damages in an amount to be determined upon the trial of this action.

68. That the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiffs, DOLORES MALSITS, demands judgement against defendants in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated: New York, New York
      August 22, 2008

                                      Yours, etc.,

                                      FRANCESCA A. SABBATINO
                                      Of Counsel
                                      RUSSO, KEANE & TONER, LLP
                                      Attorneys for Plaintiff
                                      26 Broadway, 28th Floor
                                      New York, New York 10004
                                      (212) 482-0001
                                      Our File No.:

To:    Bridget E. Cacace-Coyne
        Lester Schwab Katz & Dwyer, LLP
        Attorney for Defendants
        CIRQUE DU SOLEIL VEGAS, INC., CIRQUE DU
        SOLEIL, INC., CIRQUE DU SOLEIL AMERICA, INC,
        CIRQUE DU SOLEIL ZUMANITY, LLC and
        CIRQUE DU SOLEIL (US), INC.
        120 Broadway
        New York, New York 10271
        (212)-267-5916

## CERTIFICATE OF SERVICE

Francesca A. Sabbation hereby certifies and afifrms that on August 22, 2008 I served the annexed Amended Complaint on Lester Schwab Katz & Dwyer, attorneys for defendants at the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Dated: August 22, 2008

_____
Francesca A. Sabbatino

Case 1:08-cv-05232-AJP    Document 14    Filed 08/22/2008    Page 15 of 15